Glenn R. Kantor, SBN 122643
gkantor@kantorlaw.net
Brent Dorian Brehm, SBN 248983
bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Patricia Hopkins

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HOPKINS,<br>Plaintiff,<br>vs.<br>EQUITABLE FINANCIAL LIFE INSURANCE COMPANY OF AMERICA,<br>Defendants. | CASE NO:<br>COMPLAINT FOR DAMAGES<br>(1) BREACH OF CONTRACT<br>(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>DEMAND FOR JURY TRIAL |

Plaintiff Patricia Hopkins herein sets forth the allegations of her Complaint against Defendant Equitable Financial Life Insurance Company of America.

**PRELIMINARY ALLEGATIONS**

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

1. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

2. Plaintiff is informed and believes that Defendant Equitable Financial Life Insurance Company of America (hereinafter "EQUITABLE") is a corporation

incorporated in Delaware and with its principal place of business in the State of New York, authorized to transact and transacting business in the Eastern District of California and can be found in the Eastern District of California.

3. Plaintiff is a citizen of California and a resident of El Dorado County, California.

4. Effective November 20, 1985, EQUITABLE (via its predecessor name, MONY Life Insurance Company of America) issued Barry Hopkins, Policy Number B1176-20-68 (hereinafter the "Policy"), providing life insurance benefits in excess of the minimum amount required to afford this Court Jurisdiction over the matter.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT EQUITABLE LIFE INSURANCE FOR BREACH OF CONTRACT

5. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

6. At all times relevant, Plaintiff was of the belief that all premiums due to maintain the Policy's coverage in full force and effect were paid.

7. Plaintiff, Barry Hopkin's wife, was and is the named primary beneficiary of the Policy.

8. At all times relevant, Barry Hopkins and performed all obligations under the Policy that needed to be performed.

9. In May 2023, Plaintiff, aware that Barry Hopkins was terminally ill, contacted Equitable to confirm her information as to the status of the policy. She was advised by Equitable that the policy had lapsed and based on additional information she was provided in subsequent communications with Equitable, was not subject to reinstatement.

10. Barry Hopkins died in 2024 and based on Equitable's representation concerning the prior lapse of the policy, believed she would not receive the benefits which would have been payable under the terms of the subject policy.

11. However, Plaintiff has subsequently learned that Equitable did not comply with its obligations to notify the policyholder of the alleged policy lapse or provide accurate information as to the reinstatement of the policy.

12. Based thereon, Plaintiff contends Barry Hopkin's death was a loss compensable under the terms of the Policy.

13. EQUITABLE's failure to comply with its obligations to properly advise Barry Hopkins of his right to reinstate his coverage in the event of an alleged lapse, was unreasonable and a breach of the contract.

14. As a direct and proximate result of EQUITABLE's improper determination regarding the status of Plaintiff's life insurance coverage, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

15. EQUITABLE's conduct constitutes a breach of the insurance contract. As a direct and proximate result of EQUITABLE's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANT EQUITABLE LIFE INSURANCE FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

16. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

17. EQUITABLE has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding benefits from Plaintiffs in bad faith at a time when EQUITABLE knew Plaintiff was entitled to said full benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for benefits;

(c) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d) Unreasonably failing to properly investigate Plaintiff's claim;

(e) Intentionally and unreasonably applying pertinent Policy provisions so as to limit EQUITABLE's financial exposure and contractual obligations and to maximize profits;

(f) Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the Policy in an effort to further discourage Plaintiff from pursuing her full policy benefits.

18. Plaintiff is informed and believes and thereon alleges that EQUITABLE has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

19. As a proximate result of the wrongful conduct of EQUITABLE, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for the total amount to be shown at the time of trial.

20. As a further proximate result of the wrongful conduct of EQUITABLE, Plaintiff has suffered anxiety, worry, mental and emotional distress,

and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

21. As a further proximate result of the wrongful conduct of EQUITABLE, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, EQUITABLE is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

22. EQUITABLE's conduct described herein was intended by EQUITABLE to cause injury to Plaintiff, was despicable conduct carried on by EQUITABLE with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of material facts known to EQUITABLE with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of EQUITABLE.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against EQUITABLE as follows:

1. Damages for failure to provide full benefits under the Policy in an amount of $200,000 plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $1,000,000.00;

4. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

5. Costs of suit incurred herein; and

6. Such other and further relief as the Court deems just and proper.

DATED: February 24, 2025 KANTOR & KANTOR, LLP

By *\/s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff,
Patricia Hopkins

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: February 24, 2025 KANTOR & KANTOR, LLP

By *\/s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff,
Patricia Hopkins